3

THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
GARY R. FARRAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

WILLIAM PAUL MCCULLOCH,

    Debtor.

NO: 10-94562-E-7

DC No.: SLF-4

**MOTION FOR AUTHORIZATION TO SELL THE ESTATE'S INTEREST IN CORPORATE STOCK**

Date: July 6, 2011
Time: 10:30 a.m.
Place: Department E
The Honorable Ronald H. Sargis

MOTION FOR AUTHORIZATION TO
SELL ESTATE'S INTEREST IN STOCK    1

Chapter 7 Trustee Gary R. Farrar respectfully moves for authorization to sell the estate's interest in 9487 shares of stock (the "Stock") of Golden Touch Landscaping, Inc., a California corporation (the "Corporation").

Under the proposed sale, Michael J. McCulloch ("Buyer") will buy the estate's interest in the Stock for $35,000.

The Trustee believes the sale is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b).

The Trustee represents the following:

1. On November 19, 2010, William Paul McCulloch (the "Debtor") filed this case. Gary R. Farrar was appointed Chapter 7 Trustee.

2. In the Bankruptcy Case, the Debtor scheduled an interest in "Golden Touch Landscaping, Inc. (9,487 shares)," which he valued as $10,000, and he claimed $10,000 of it exempt under Code of Civil Procedure Section 703.140(b)(5).

3. On February 7, 2011, the Debtor amended his Schedule B and scheduled an interest in "Golden Touch Landscaping, Inc. (9,487 shares)," which he valued as $9487.00, and he claimed $9487.00 of it exempt under Section 703.140(b)(5).

4. The Trustee entered into negotiations with Buyer for a possible sale to him of the estate's interests in the Stock. (Farrar Decl. ¶ 2). There were substantial negotiations. The Trustee met with Buyer, Debtor, and Debtor's counsel to discuss a possible sale. (Farrar Decl., ¶ 3).

5. As a result of the negotiations, the Trustee and Buyer reached an agreement under which Buyer agreed to buy the estate's interest in the Stock for $35,000 (the "Purchase Amount"). The parties have entered into a proposed sales agreement documenting this (collectively, the "Sale"). (Farrar Decl. ¶ 4, Ex. A).

6. As part of the negotiation of this Sale, Debtor agreed that all proceeds of the Sale will go to the bankruptcy estate. The Debtor waived any exemption in the Stock and

will not claim any exemption in the proceeds of the sale of the Stock or amend his schedules in any way to increase his exemptions.. (Farrar Decl., ¶ 5).

7. The Sale is conditional on this Court granting this motion and the Trustee is amenable to overbidding at the hearing on terms that are agreeable to this Court. (Farrar Decl. ¶ 6).

8. Bankruptcy Code Section 363(b) provides that a trustee, after notice and a hearing, may sell property of the bankruptcy estate other than in the ordinary course of business.

9. The Trustee believes the Sale is in the best interests of creditors. To make this determination, the Trustee obtained advice from his CPA, Paul Quinn. Mr. Quinn reviewed the relevant books and records of the Corporation and determined that the Purchase Amount is a reasonable amount, primarily because the Corporation has not been profitable and, moreover, there could be tax liabilities and insurance issues associated with it. Further, the estate's interest in the Stock is likely worth more to Buyer than it would be to a third party because Buyer is Debtor's father and has made loans to Debtor and the Corporation totaling over $158,350, and, therefore, has a unique interest in the Corporation. (Farrar Decl., ¶ 7).

WHEREFORE, the Trustee respectfully requests that the Court grant this motion and that it grant such other and further relief as is appropriate.

Dated: June 1, 2011

THE SUNTAG LAW FIRM
A Professional Corporation

By: */s/ Dana A. Suntag*
DANA A. SUNTAG
Attorneys for Chapter 7 Trustee
GARY R. FARRAR